**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ARTHUR GALLAGHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-392 CAS |
| ) | |
| CITY OF CLAYTON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Arthur Gallagher's motion for preliminary injunction and defendants' motion for judgment on the pleadings. For the following reasons, the Court will grant in part and deny without prejudice in part defendants' motion for judgment on the pleadings. The Court will enter judgment in favor of defendants on plaintiff's federal constitutional claims (Counts I-V) and dismiss without prejudice plaintiff's state law claim (Count VI). Finally, the Court will deny as moot plaintiff's motion for preliminary injunction.

**I.     Background**

Plaintiff is a resident of the City of Clayton (the "City") and "ecstatically enjoys smoking tobacco products" while in the City's parks. (Compl. 3). On August 24, 2010, the City's Board of Alderman unanimously passed Ordinance No. 6118, which bans outdoor smoking on City "grounds, parks, playgrounds . . . playing fields, parking lots and parking structures." Clayton, Mo., Code of Ordinances ch. 215, art. XIII, § 215.681. Plaintiff challenges the outdoor smoking ban, asserting five federal and one state law theories:

1. The smoking ban denies smokers substantive due process rights because the health threat of secondhand smoke from outdoor tobacco use is de minimis, and therefore the ban fails rational basis review;

2. The smoking ban denies smokers substantive due process rights because smoking is a fundamental right and the ban is not narrowly tailored to protect that right, and therefore the ban fails strict scrutiny review;

3. The smoking ban denies smokers equal protection under the law because they are a quasi-suspect class due to discrimination and second class categorization, and therefore the ban fails intermediate scrutiny review;

4. The smoking ban denies smokers substantive due process rights because its purpose is to express animus toward smokers, and therefore the ban fails rational basis review;

5. The smoking ban is arbitrary and capricious because it delegates to the City Manager the authority to ban outdoor smoking at festivals and events, but fails to provide standards for determination of his decisions; and

6. The smoking ban denies smokers their Missouri Constitution liberty and pursuit of happiness rights, and therefore the ban fails review under the Missouri Constitution.

While the Court credits plaintiff for his enthusiastic, novel and, at times, entertaining argument in favor of his smoking rights, the Court does not find that plaintiff has stated a plausible claim to relief. To the contrary, the Court finds the pleadings leave no dispute as to any material facts, and defendants are entitled to judgment as a matter of law.

## II.   Standard of Review

Federal Rule of Civil Procedure 12(c) requires a court to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff, drawing all inferences in [his] favor." Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (quoting Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006)). A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is determined by the same

standards that are applied to a motion under Rule 12(b)(6). Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010); Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (internal citations omitted) (quoting Twombly, 550 U.S. at 557).

## III.   Discussion

### A.   Plaintiff's Substantive Due Process Claims

In Count II, plaintiff brings a claim for "substantive due process, bodily integrity, liberty and ancient and modern cultural traditions." Compl. ¶¶ 84-103. Plaintiff argues that the Court should find smoking to be a fundamental constitutional right because "it is part of ancient American tradition." Pl.'s Reply to Defs.' Mem. in Opp'n to Pl.'s Mot. for Prelim. Inj. and Pl.'s Mem. in Opp'n to Defs.' Mot. for J. on Pleadings [Doc. 24] at 13.[1] Plaintiff concedes that no court has found in favor of his position, but asks the Court "to make the case and to try to change the law." Id. The Court respectfully declines.

---

[1] The Court will refer to this filing as "Pl.'s Reply to Defs.' Mem. in Opp'n."

- 3 -

The Supreme Court has noted that it must "exercise the utmost care whenever [it is] asked to break new ground" in the field of fundamental rights, which is precisely what plaintiff is asking the Court to do. <u>Washington v. Glucksberg</u>, 521 U.S. 702, 720 (1997) (citation omitted). The Court agrees with the Eighth Circuit and lower federal courts that smoking does not give rise to a fundamental right protected by the United States Constitution. <u>Steele v. Beltrami, Minn.</u>, 238 F. App'x 180, 181 (8th Cir. 2007); <u>Castaways Backwater Café, Inc. v. Marstiller</u>, 2006 WL 2474034, *4 (M.D. Fla. Aug. 25, 2006) ("While tobacco smoking may have a long history, both liberty and justice will continue to exist if smoking in public restaurants is curtailed or precluded."); <u>American Legion Post #149 v. Washington State Dep't of Health</u>, 192 P.3d 306, 322 (Wash. 2008) (finding smoking is not a fundamental right); <u>see</u> also Defs.' Suggestions in Opp'n to Pl.'s Mot. for Prelim. Inj. and in Supp. of Mot. for J. on Pleadings [Doc. 16] at 15-16.[2]

While smoking might be part of ancient American tradition, plaintiff's asserted right to smoke outdoors in a City park is not one of "those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." <u>Glucksberg</u>, 521 U.S. at 720-21 (internal citations and quotation marks omitted). The Court finds that liberty and justice would exist if smoking in the City's public parks was sacrificed. The Court finds that no fundamental right is at stake, and will apply the less restrictive "rational basis" analysis to plaintiff's substantive due process claim. <u>See</u> <u>infra</u> Part III.C.

---

[2]The Court will refer to this filing as "Defs.' Opp'n to Pl.'s Mot."

- 4 -

### B.     Plaintiff's Equal Protection Claim

In Count III, plaintiff alleges the City's smoking ordinance violates his equal protection rights. Plaintiff states that the smoking ban denies his Fourteenth Amendment right to equal protection "because smokers are a quasi-suspect class due to discrimination and second class categorization, and hence the ban fails intermediate scrutiny review." Compl. at 3-4, ¶¶ 109-110.

The Equal Protection Clause prohibits a state from "deny[ing] . . . any person within its jurisdiction equal protection of the laws." U.S. Const. amend XIV, § 1. The amount of scrutiny applied by the Court in addressing an equal protection challenge turns on the type of classification the law creates. Unless the classification is based on a suspect or quasi-suspect class, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985). This is true "even if the law seems unwise or works to the disadvantages of a particular group, or if the rationale for it seems tenuous." Romer v. Evans, 517 U.S. 620, 632 (1996) (citation omitted).

The Court does not find it facially plausible that smokers are a quasi-suspect class. See Compl. at ¶ 109. Plaintiff argues that smokers have been subject to a history of discrimination, but his only citation or support for this proposition is the Internet website for "Dirt Cheap," a local discount retailer of beer, wine, liquor, cigarettes, and tobacco products. On its website, Dirt Cheap states that it is "truly the last refuge of the *persecuted* smoker." Id. at ¶ 109(b) and n.62 (emphasis in original). Citation to an advertising slogan of a local cigarette retailer alone cannot establish that smoking is a quasi-suspect classification under the Equal Protection Clause. The Court has found no support for plaintiff's proposition that smoking is a quasi-suspect classification, and therefore finds

plaintiff's claim to intermediate scrutiny implausible. Like plaintiff's substantive due process claim, therefore, the Court will apply the less restrictive "rational basis" analysis to plaintiff's equal protection claim.

### C. Rational Basis Review

In Count I, plaintiff alleges a claim for "rational basis test." Compl. at ¶¶ 42-83. Rational basis review, "a paradigm of judicial restraint," does not provide "a license for courts to judge the wisdom, fairness, or logic of legislative choices." FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313-14 (1993) (citation omitted). The question is simply whether the challenged legislation is rationally related to a legitimate state interest. Heller v. Doe, 509 U.S. 312, 320 (1993). Under this deferential standard, a legislative classification "is accorded a strong presumption of validity," and "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." Id. at 319-20 (citation omitted). This holds true "even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." Romer, 517 U.S. at 632. Moreover, a state has "no obligation to produce evidence to sustain the rationality of a statutory classification." Heller, 509 U.S. at 320. Rather, "the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it, whether or not the basis has a foundation in the record." Id. at 320-21 (citation omitted).

Here, plaintiff cannot plausibly meet his burden of establishing there is no rational or conceivable basis to support the smoking ban. The preamble to the Ordinance sufficiently identifies facially legitimate governmental goals and shows the City considered health studies before passing the Ordinance. See Bill No. 6234, Ord. No. 6118, attached to Pl.'s Mot. for Prelim. Inj. as Ex. 1

("Bill No. 6234"). As stated in Bill No. 6234, which enacted the Ordinance, the U.S. Surgeon General has concluded that secondhand smoke exposure can cause disease and premature death in children and adults. Id. at ¶ 1. The Bill also cites studies conducted by the National Institutes of Health and the National Cancer Institute, which have found that breathing secondhand smoke is a cause of disease in healthy nonsmokers, including heart disease, stroke, respiratory disease, and lung cancer. Id. at ¶ 2. Additionally, the Bill states that the Public Health Service's National Toxicology Program has listed secondhand smoke as a known carcinogen. Id. at ¶ 3.

Under the rational basis test, the Ordinance carries a "strong presumption of validity" and the City is given "wide latitude" to enact social and economic policies if there is any reasonably conceivable state of facts that could provide a rational basis for the enactment's classifications. See Cleburne, 473 U.S. at 440; FCC v. Beach Commc'ns, 508 U.S. at 313. Legislative choices are not subject to courtroom fact finding and may be based on rational speculation unsupported by evidence or empirical data. Heller v. Doe, 509 U.S. at 320.[3] The smoking ban was enacted for public health benefits, as well as to reduce litter and "foster a more inviting and attractive environment on public property." Bill No. 6234 at ¶ 7. Plaintiff cannot plausibly suggest that the Ordinance would fail rational basis review. Plaintiff cites counter study upon counter study, but because the smoking ban is supported, at the very least, by rational speculation that outdoor secondhand smoke is detrimental to the public health, the Ordinance passes rational basis review.

Even assuming the public health rationale were not availing, the City has also cited the reduction of litter and park aesthetics as a legitimate interest. Plaintiff's argument that the Ordinance

---

[3]Plaintiff's argument that "[j]ust because the Surgeon General says it is so does not make it so in the Federal Court for the Eastern District of Missouri" is inapposite. Pl's Reply to Defs.' Opp'n at 17.

would fail the pre-Romer rational basis test, as he calls it, "admittedly ignores the litter and aesthetics issue." Pl. Reply to Defs.' Opp'n at 18. Even assuming the interest of the public health did not survive rational basis review, the Ordinance itself would pass muster based on the legitimate state interest of reducing litter and providing an aesthetically pleasing park. Plaintiff's claim that the Ordinance fails rational basis review is not facially plausible.

      **D.**      **Plaintiff's Animus Analysis**

In Count IV, plaintiff brings a claim in the alternative, titled "animus to smokers is not a lawful rational basis." Plaintiff's overarching argument, which he makes time and again, is as follows: he interprets the Supreme Court's decisions in Romer and Cleburne as precedent establishing a more stringent form of rational basis review—what he and some legal scholars refer to as the "rational basis with bite" test. See Romer, 517 U.S. at 620; Cleburne, 473 U.S. at 432. Based on this test, plaintiff argues that if the rationale behind the legislation is implausible, the Court can infer the legislation was motivated by animus. Because animus is not a legitimate state interest, the Court can strike down the legislation. Plaintiff argues that smokers are singled out in the City's smoking ban for discrimination, and the source of the smoking ban is an animus towards smokers. For these reasons, plaintiff argues the smoking ban must fail the "rational basis with bite" test.

Plaintiff relies heavily on the Supreme Court's decision in Romer v. Evans, 517 U.S. 620, in which the Court concluded that an amendment to the Colorado constitution could not classify homosexuals for the purpose of making them unequal to everyone else. Id. at 635. As plaintiff acknowledges, the Supreme Court has never used the term "rational basis with bite" to refer to the supposed heightened review plaintiff argues occurs when a law raises the inference that it is born of animosity toward a particular class of persons. Even assuming plaintiff is correct, however, in the

existence and application of the "rational basis with bite" test, he has not shown that the City's smoking ordinance is born of animus toward smokers. In fact, plaintiff's reliance on Romer highlights the weakness of his case.

In Romer, the challenged legislation was an amendment to the Constitution of the State of Colorado, Amendment 2, which had been adopted by a statewide referendum. Amendment 2 prohibited the State of Colorado and any of its branches or political subdivisions from enacting any statute or policy protecting homosexuals as a class of people. Amendment 2 was in response to several Colorado municipalities enacting ordinances that banned discrimination in housing, employment, education, and public accommodations based on sexual orientation. Amendment 2 repealed these ordinances and prohibited any legislation at any level designed to protect homosexuals. Id. at 624. The reasons offered for the amendment were "respect for other citizens' freedom of association, particularly landlords or employers who have personal or religious objections to homosexuality, and the State's interest in conserving resources to fight discrimination against other groups." Id.

In holding that Amendment 2 violated the Equal Protection Clause, the Supreme Court stated that the law "raise[s] the inevitable inference that the disadvantage imposed is born of animosity toward the class of persons affected." Id. at 634. The Court could not find any "identifiable legitimate purpose or discrete objective" for Amendment 2. Id. at 635. "It is a status-based enactment divorced from any factual context from which we could discern a relationship to legitimate state interests; it is a classification of persons undertaken for its own sake . . . . We must conclude that Amendment 2 classifies homosexuals not to further a proper legislative end but to make them unequal to everyone else." Id. Because the sheer breadth of Amendment 2 was "so discontinuous

- 9 -

with the reasons offered for it," the Supreme Court found that it was "inexplicable by anything but animus toward the class it affects." Id. at 632.  In short, because the breadth of the amendment so exceeded the proffered rationales, the Court inferred that animus was the motivation behind the legislation.  The Court established that such a motivation could not constitute a legitimate state interest.

Unlike Amendment 2, the smoking ban is entirely congruent with the reasons offered for it.  Certainly the Court cannot find the proffered rationales so implausible to infer that animus was the only conceivable rationale.  Banning outdoor smoking to promote public health and welfare and to help curb litter are legitimate purposes.  In fact, plaintiff does not dispute the legitimacy of the City's interest in curbing litter.  Rather he states that there are worse causes of litter in public parks than smoking, for example, picnickers and inconsiderate dog owners.  However, even if the ordinance is underinclusive and does not ban more offensive sources of litter, this does not mean the ordinance is based on an animus toward smokers.

Contrary to plaintiff's argument, the Ordinance's breadth and the reasons offered for it are not implausible as that term is used in Romer.  The Ordinance is explained by several legitimate reasons other than an animus toward smokers, and therefore the Court rejects plaintiff's argument that the Ordinance does not pass the rational basis test.  Unlike Romer in which the State of Colorado attempted to disadvantage homosexuals and strip them of particular protections from the law for purposes unrelated to legitimate state interests, here the City has a legitimate interest in keeping its parks neat, clean, and aesthetically pleasing.  Plaintiff has not met his burden of showing there is no reasonably conceivable state of facts that could provide a basis for upholding the smoking ban.  His

claim that the Ordinance is born of animosity does not state a facially plausible constitutional challenge.

### E. Plaintiff's Claim for Improper Delegation of Authority

In Count V, titled "improper delegation of authority," plaintiff challenges the following language in the Ordinance, which provides for exceptions to the smoking ban:

> The prohibitions of this Section shall not apply to: (1) streets, alleys, rights of way and sidewalks other than sidewalks and pedestrian paths in parks; provided, however, that the City Manager may suspend this exception and order that the smoking prohibition be applied to streets, alleys, sidewalks, and other public ways where community events, fairs, festivals, neighborhood events and similar public gatherings are being held during the period of such events . . . .

Clayton, Mo., Code of Ordinances ch. 215, art. XIII, § 215.681(C)

Plaintiff claims this language gives the City Manager authority to ban smoking at street festivals, but gives him no standards by which to make the decision about when to ban and when not to ban smoking, and therefore the Ordinance is void for vagueness. See Compl. at ¶¶ 127-31. As with his other constitutional claims, the Court finds that plaintiff cannot state a void for vagueness claim that is plausible on its face.

"The void-for-vagueness doctrine protects persons by providing fair notice of a statute's applicability and by preventing arbitrary and discriminatory prosecutions of a statute's enforcement. The vagueness doctrine recognizes that a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." United States v. Mabie, --- F.3d ----, 2011 WL 6004082, *8 (8th Cir. Dec. 2, 2011) (internal quotations and citations omitted). "A vagueness challenge to a statute which does 'not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.'" United States v. Orchard, 332 F.3d 1133,

1138 (8th Cir. 2003) (quoting United States v. Mazurie, 419 U.S. 544, 550 (1975)).[4] The Eighth Circuit commented that: "[f]acial challenges to legislative enactments are, to say the least, discouraged." Gallagher v. Magner, 619 F.3d 823, 841 (8th Cir. 2010).

Oddly enough, plaintiff does not argue that the terms of the Ordinance, including the exceptions, are so vague that men of common intelligence would have to guess at their meaning. Rather, plaintiff argues only that the Ordinance impermissibly delegates authority to the City Manager to determine whether to ban smoking at a particular fair or festival without providing meaningful standards to guide the application of the law. Specifically, plaintiff states "[t]he portions of the Ordinance which allow the City Manager to ban outdoor smoking at festivals, etc., lack standards and are void for vagueness." Compl. at ¶ 131, citing Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 44 (1991) (O'Connor, J., dissenting) (citing Kolender v. Lawson, 461 U.S. 352, 358 (1983)).

Plaintiff's argument relies on the concerns expressed by the Supreme Court in Kolender v. Lawson, 461 U.S. at 358, which recognized that the "more important aspect" of the vagueness doctrine is "'the requirement that a legislature establish minimal guidelines to govern law enforcement.'" Id. (quoting Smith v. Goguen, 415 U.S. 566, 574 (1974)). The Supreme Court's concern with vague criminal statutes is that "[w]here the legislature fails to provide such minimal guidelines, a criminal statute may permit a standardless sweep that allows policemen, prosecutors, and juries to pursue their personal predilections." Id. (quoting Smith, 415 U.S. at 575).

---

[4]Plaintiff's argument relies on Grayned v. City of Rockford, 408 U.S. 104, 108, which involved protest activity protected by the First Amendment. See Pl.'s Reply to Defs.' Mem. in Opp'n at 16; Compl. ¶¶ 26-27 n.70. The only other authority cited by plaintiff is Justice O'Connor's dissent in Pacific Mutual Life Insurance Co. v. Haslip, 409 U.S. 1, 44 (1991) (O'Connor, J. disssenting), which involved vague jury instructions. See Compl. ¶ 27 n.71.

In Kolender, the Court struck down a loitering statute that required loiterers on the streets to provide "credible and reliable" identification when requested by a police officer. Because the statute was unclear as to the requirement that identification be "credible and reliable," and because the Court was concerned with the suppression of First Amendment freedoms, the Court held the statute was unconstitutionally vague. Kolender, 431 U.S. at 357-58. Simply put: the Supreme Court found a person's freedom of movement should not be curtailed based on whether he can produce "credible and reliable" identification to satisfy "the moment-to-moment judgment of the policeman on his beat." Id. at 360.

Plaintiff's concern that the City Manager is given unbridled discretion to ban smoking at fairs and festivals does not raise a plausible constitutional claim for vagueness. First, the smoking ban is not so vague that men of common intelligence would have to guess at its meaning. Although plaintiff is correct that the standards by which the City Manager may prohibit smoking at community events are not specified in the Ordinance, this does not lead to arbitrary and discriminatory enforcement. The Ordinance authorizes the City Manager to order smoking prohibited on the City's streets and sidewalks during fairs and festivals. Either the City Manager will allow smoking at a particular fair or festival, or he will prohibit it. If the City Manager orders that smoking is prohibited, police officers may enforce the Ordinance against those "in possession of lighted or heated smoking materials." Ord. No. 6118, ¶ 215.681(B). If the City Manager does not order that smoking is prohibited, then police officers may not enforce the Ordinance. In either case, compliance with the Ordinance is not left to the moment-to-moment judgment of policemen, prosecutors, or juries.

Unlike the loiterers in Kolender, who had to show "reliable and credible" identification to the satisfaction of a police officer unguided by any clarification of what was contemplated by the

requirement that identification be "reliable and credible," here smokers will be able to smoke on City streets and sidewalks unless the City Manager orders smoking prohibited during a particular fair or festival. There is simply no concern that the Ordinance encourages arbitrary and discriminatory enforcement. The Court finds plaintiff's claim in Count V for "improper delegation of authority" is not plausible on its face, as plaintiff cannot plausibly claim that the Ordinance is unconstitutionally vague within the meaning of the Due Process Clause of the Fourteenth Amendment.

### F. Plaintiff's Missouri Constitutional Challenge (Count VI)

As for plaintiff's remaining state law claim, this Court declines to exercise supplemental jurisdiction. Under 28 U.S.C. §1367(c)(3), district courts may decline jurisdiction over state claims as a "matter of discretion." Hassett v. Lemay Bank and Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988). The Supreme Court has stated that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The Eighth Circuit has "stress[ed] the need to exercise judicial restraint and avoid state law issues whenever possible" and the "necessity to provide great deference and comity to state court forums to decide issues involving state law questions." Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990). Therefore, this Court declines jurisdiction over the state claim and will dismiss it without prejudice.

### IV. Conclusion

Because the Court finds smoking is not a fundamental right, and smokers are not a suspect or quasi-suspect class, the Court reviews the City's smoking ban under rational basis review. The Court finds plaintiff cannot state a claim plausible on its face that the City's smoking ban fails rational basis review. Nor can plaintiff state a claim plausible on its face that the City's smoking ban is void

- 14 -

for vagueness.  The Court grants defendants' motion to dismiss the pleadings as to plaintiff's federal constitutional claims, and declines to exercise jurisdiction over plaintiff's state constitutional claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for judgment on the pleadings is **GRANTED in part** and **DENIED in part without prejudice**.  [Doc. 15]   The motion is **GRANTED** as to Count I, Count II, Count III, Count IV, and Count V and **DENIED without prejudice** as to Count VI.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1367(c)(3), Count VI of plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for issuance of preliminary injunction is **DENIED as moot**.  [Doc. 8]

An appropriate judgment and order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of December, 2011.